UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH HILL, for himself and all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 13-CV-41-FHS<br><br>JURY DEMAND |

### CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff Kenneth Hill brings this class action complaint against Defendant Target, Corporation ("Target"), to stop Defendant's practice of making unsolicited text message calls to cellular telephones and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

1.　In a recent effort to promote the sale of its products and services, Target, a big box retailer with online shopping and physical stores located nationwide including in Oklahoma, engaged a mobile technology company whose identity is currently unknown,

to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.      By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3.      In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly-situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*; ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorney fees.

PARTIES

5.      Plaintiff Kenneth Hill is, and all times mentioned herein was, an individual citizen and resident of the State of Oklahoma.

6.      Defendant Target Corporation, is, and all times mentioned herein was, a Minnesota corporation operating, according to its latest filing on SEC Form 10k, as three

reportable segments: U.S. Retail, U.S. Credit Card and Canadian. Target touts its technological savvy, as follows:

> Our U.S. Retail Segment includes all of our merchandising operations, including our fully integrated online business. … As a component of the U.S. Retail Segment, our online presence is designed to enable guests to purchase products seamlessly either online or by locating them in one of our stores with the aid of online research and location tools. Our online shopping site offers similar merchandise categories to those found in our stores, excluding food items and household essentials.

7.  Target's principal executive offices are located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. It may be served by delivery of process to this same address. Target Corporation is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## JURISDICTION & VENUE

8.  The Court has jurisdiction under the Class Action Fairness Act.

9.  This Court has personal jurisdiction over the Defendant because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district. 28 U.S.C.A. § 1391.

## COMMON ALLEGATIONS OF FACT

10. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging

system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

12.   An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

13.   Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive, or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

14.   Over the course of an extended period prior to the commencement of this action, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant.

15.   For instance, within the period of limitations applicable to this action but on dates currently unknown to Plaintiff, Plaintiff's cell phone indicated that a text call was received.

16.   The body of such text message(s) promoted and advertised Defendant and its products and services.

17. Upon information and belief, Defendant sent similar transmissions of wireless spam to a list of cellular telephone numbers on a mass basis.

18. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendant.

19. Plaintiff was not in an "established business relationship" with Defendant. Plaintiff had not done business with Defendant in the last eighteen months, nor had he made an inquiry regarding Defendant's services or products in the three months prior to receipt of the text call.

### CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> Persons who received one or more text message advertisements sent on behalf of Defendant

21. Defendant and its employees are excluded from the Class.

22. Also excluded from the Class are those persons who

    a. Consented to receive texts from Defendant, or

    b. Had an established business relationship with Defendant

23. Plaintiff, on information and belief, alleges that the Class members number in the thousands, such that joinder of all members is impracticable.

24.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff, nor his counsel, has any interest adverse to those of the other members of the Class.

25.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

26.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

27.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

28. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam Defendant distributed violate 47 U.S.C. § 227?

(b) Are the Class members entitled to treble damages based on the willfulness or knowing conduct of Defendant?

(c) Did the conduct described above violate the Class's right to privacy?

## FIRST CLAIM FOR RELIEF

**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. Defendant made unsolicited commercial text calls, including the messages referenced in paragraphs 15-19, to the wireless telephone numbers of the Plaintiff and the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able effectively to send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

31. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

32. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act. Plaintiff is also entitled to an injunction prohibiting wireless spam pursuant to 47 U.S.C. § 227(b)(3)(A).

33. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, because Defendant's conduct was willful, or both, Plaintiff asks the Court to exercise its discretion pursuant to section 47 U.S.C. § 227(b)(3)(C), to treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Kenneth Hill, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award statutory damages;

3. An injunction requiring Defendants to cease all wireless spam activities;

4. An incentive award for Plaintiff;

5. An award of reasonable attorneys' fees and costs; and

6. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that may be so tried.

Dated: January 23, 2013

                                      Respectfully submitted,

                                      s/ Betty Outhier Williams

BETTY OUTHIER WILLIAMS
Oklahoma Bar. No.009637
**BETTY OUTHIER WILLIAMS LAW OFFICE**
P. O. Box 87
Muskogee, OK 74402-0087
(918) 687-5425 Tel.
(918) 687-0761 Fax
bowlaw@sbcglobal.net

Of Counsel:

DEBRA BREWER HAYES, Of Counsel
Texas Bar No. 05656790
CHARLES CLINTON HUNTER
Texas Bar No. 24072160
**REICH & BINSTOCK, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77027
281-768-4716 Direct
713-622-7271 Main
713-623-8724 Fax
dhayes@dhayeslaw.com
chunter@rbfirm.net